```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF NEW HAMPSHIRE
```

United States of America

    v.                                      Criminal No. 12-cr-033-01-PB

Craig Faulkner

### ORDER OF DETENTION PENDING TRIAL

In accordance with 18 U.S.C. § 3142(f), a hearing was conducted on April 17, 2012, for the purpose of determining whether to detain the defendant.  For the following reasons, and for the reasons more fully stated on the record, the defendant shall be detained pending trial.

Section 3142(f) of the Bail Reform Act, 18 U.S.C. §§ 3141 et seq., "does not authorize a detention hearing whenever the government thinks detention would be desirable, but rather limits such hearings to the [circumstances listed in 18 U.S.C. § 3142(f)(1) and (f)(2)]." United States v. Ploof, 851 F.2d 7, 10 (1st Cir. 1988).  In this case, the government invoked § 3142(f)(1)(C), which permits the government to request detention when the charges involve a drug offense with a maximum sentence of ten (10) or more years.

In this case, the defendant is charged by indictment with one (1) count of Possession of an Unregistered Firearm in violation of 26 U.S.C. §§ 5861(d), 5841, and 5871; two (2) counts of Possession of a Firearm by a Convicted Felon in violation of 18 U.S.C. § 922(g)(1); and one (1) count of Aiding and Abetting the Distribution of a Controlled Substance in violation of 18 U.S.C. § 2 and 21 U.S.C. § 841(a)(1).  Thus, as the charges satisfy the parameters of § 3142(f)(1)(C), the detention hearing was appropriately requested.

Pursuant to Section 3142(f), the court must determine whether any condition or combination of conditions set forth in subsection (c) will reasonably assure the appearance of the defendant ("risk of flight") and the safety of any other person and the safety of the community ("dangerousness").  18 U.S.C. § 3142(f); United States v. Patriarca, 948 F.2d 789, 791 (1st Cir. 1991).  In making this determination, the court must consider the following: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence as to guilt; (3) the history and characteristics of the accused, including family ties, past history, financial resources and employment; and (4) the nature and seriousness of the danger to any person or the community that would be posed by a release.  18 U.S.C. § 3142(g).

During the course of a hearing conducted pursuant to 18 U.S.C. § 3142, the government has the burden of persuading the court that no condition or combination of conditions will reasonably assure (1) the defendant's presence at trial ("risk of flight"), United States v. Perez-Franco, 839 F.2d 867, 870 (1st Cir. 1988), or (2) the safety of another or the community ("dangerousness"). Patriarca, 948 F.2d at 793. For its part, the government is required to offer a preponderance of the evidence to prove risk of flight and clear and convincing evidence to establish dangerousness. See Patriarca, 948 F.2d at 792-93.

In specific instances delineated in 18 U.S.C. § 3142(e), a presumption arises that no condition or combination of conditions will reasonably assure the appearance of a defendant and the safety of the community. Among the instances where a presumption arises is the situation where,

> the judicial officer finds that there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq) . . . .

18 U.S.C. § 3142(e)(3)(A). Once invoked, the defendant need only produce "some evidence" to rebut this presumption. United States v. Dillon, 938 F.2d 1412, 1416 (1st Cir. 1991); United States v.

Jessup, 757 F.2d 378, 384 (1st Cir. 1985).  "When a defendant produces such evidence, however, the presumption does not disappear.  The burden of persuasion remains on the government and the rebutted presumption retains evidentiary weight." Dillon, 938 at 1416.

In the instant case, the indictment itself establishes probable cause to believe that the offenses charged have been committed and that the defendant has committed them.  Further, the offenses charged against the defendant are ones for which a maximum term of imprisonment is ten (10) years or more, as prescribed in the Controlled Substances Act, 21 U.S.C. §§ 801 et seq.  See United States v. Dillon, 938 F.2d 1412, 1417 (1st Cir. 1991).  Thus, the rebuttable presumption that "no condition or combination of conditions will reasonably assure [defendant's] appearance . . . and the safety of the community . . . ," as set forth in Section 3142(e), is triggered in this case.  See 18 U.S.C. § 3142(e), (f); 21 U.S.C. § 841(b)(1)(C); see also United States v. Vargas, 804 F.2d 157, 162-63 (1st Cir. 1986).

For the reasons stated below, and after considering the factors set forth in 18 U.S.C. § 3142(g), the court finds that when aided by the presumption, the government has satisfied its

burden to establish that no conditions or combination of conditions will reasonably assure the safety of the community.

Based on the bail report, the defendant's criminal record, and the proffers and audio recordings presented at the hearing, and for the reasons more fully stated on the record, the court finds the government satisfied its burden to establish that there are no conditions or combination of conditions that are likely to assure the safety of the community.  While the court relies on the hearing record and its reasoning stated at the conclusion of the hearing to support detention, it will briefly elaborate on its reasoning.

In short, the proffer presented at the hearing established that the defendant was using his storefront in Manchester to sell both controlled substances and guns.  As to the weapons in particular, the government established the following through an offer of proof and audio recordings: (1) that the defendant produced a list of weapons he could obtain for sale to a confidential informant; (2) that the confidential informant purchased weapons from the defendant over a period of months; (3) that the defendant had multiple weapons suppliers; (4) that the

5

defendant explained how the confidential informant could use the weapons to kill other persons and how to dispose of the weapons after engaging in criminal activity, and (5) that the defendant claimed he discharged his shotgun out the door of his downtown Manchester business during workday business hours.  When you combine this evidence with the "nature of the offense" (firearms/controlled substance), the defendant's substantial "criminal record" (vehicular homicide [9-12 years state prison time]), which includes a conviction on a prior drug offense (sale of controlled drug [2-4 years state prison time]), and the fact that this is a presumption case, there is no question that the government has met its burden to establish by clear and convincing evidence that there are no conditions or combination of conditions the court can establish to reasonably assure the safety of the community.

    Accordingly, it is **ORDERED** that the defendant be detained pending trial.

    The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from

persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

**SO ORDERED.**

/s/ Daniel J. Lynch
Daniel J. Lynch
United States Magistrate Judge

Date: April 18, 2012

cc:    Jennifer C. Davis, AUSA
       Paul J. Garrity, Esq.
       U.S. Marshal
       U.S. Probation