UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
UNITED STATES OF AMERICA,          \*
                                   \*
            -- vs. --              \*      **Docket Number: 12-cr-033-01-PB**
                                   \*
CRAIG FAULKNER,                    \*
                                   \*
            Defendant.             \*
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## DEFENDANT'S, CRAIG FAULKNER'S, AMENDED SENTENCING MEMORANDUM

1. ]   On February 20, 2013, Mr. Craig Faulkner, the above named Defendant, will appear before this Honorable Court for sentencing, his having pled guilty to one [1] Count of Possession of an Unregistered Firearm; two [2] Counts of Possession of a Firearm by a Convicted Felon; and one [1] Count of Aiding and Abetting the Distribution of a Controlled Substance. Mr. Faulkner submits this <u>Sentencing Memorandum</u> for this Court's consideration in support of the following requested sentence:

   i. ]   THAT this Court follow the Government's recommendation of the low end of the United States Sentencing Guideline Range, which is FORTY-SIX [46] months imprisonment followed by six [6] years of supervised release;

   ii. ]   THAT there be a judicial recommendation that he serve his sentence as close to the State of New Hampshire as possible and if possible, at the Fort Devens, Massachusetts, facility for treatment of his medical needs;

   iii. ]   THAT there be a judicial recommendation that the Bureau of Prisons consider a designation to a Federal Correctional Institution instead of the United States Penitentiaries; and

## SENTENCING MEMORANDUM

iv. ]   THAT there be no fine or restitution imposed, as he has an inability to pay a fine. He has no assets that he may presently use to do so and he is facing a significant period of imprisonment.

2. ]   Mr. Faulkner acknowledges that his crimes were an inexcusable breach of the standard of conduct expected of himself. He has fully and clearly accepted responsibility for his conduct and stands ready to accept the consequences of his conduct.

3. ]   For the reasons explained below, a sentence of the low end of the guidelines, being forty-six [46] months, is the best means of attaining a sentence that is "sufficient, but not greater than necessary," to achieve the purposes of sentencing set forth in 18 United States Code Section 3553[a] [2] to impose the requested sentence.

## ARGUMENT

### A. The Proposed Sentence Is Warranted Under 18 United States Code section 3553[a].

4. ]   18 United States Code Section 3553[a] provides that a District Court "shall imposes a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in Paragraph [2]," which are "the need for sentence imposed:

A. ]   To reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment of the offense;

B. ]   To afford adequate deterrence to criminal conduct;

C. ]   To protect the public from further crimes of the defendant; and

D. ]   To provide the Defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner."

## SENTENCING MEMORANDUM

5. ]     In devising a sentence that satisfies the 'overarching provision instructing sentencing Courts to 'impose a sentence that is sufficient, but not greater than necessary' to accomplish the goals of sentencing," Kimbrough v. United States, 552 U.S. 85, 101 [2007], a District Court must also consider the nature and circumstances of the offense and the history and characteristics of the Defendant, 18 United States Code Section 3553[a] [1], the kinds of sentences available, 18 United States Code Section 3553[a] [3], the sentencing guidelines and policy statements, 18 United States Code Sections 3553[a] [4] and 3553[5], the need to avoid unwarranted sentence disparities among Defendants with similar records who have been found guilty in similar conduct, 18 United States Code Section 3553[a] [6], and the need to make restitution to any victims of the offense, 18 United States Code Section 3553[a] [7]. United States v. Booker, 543 U.S. 220, 245-46, 259-60 [2005]. The Supreme Court repeatedly has made clear that the range prescribed by the now-advisory Guidelines is but one of the sentencing Court's considerations " a starting point and initial bookmark" and the Court must weigh all relevant Section 3553[a] factors to "make an individualized assessment based on the facts presented." Gall v. United States, 552 U.S. 38, 50-52 [2007].

6. ]     18 United States Code Section 3553[a] provides a "broad command to consider 'the nature and circumstances of the offense and the history and characteristics of the defendant.'" Gall, 552 U.S., at n. 6. This directive is consistent with the Supreme Court's observation that "the punishment should fit the offender and not merely the crime." Pepper v. United States, 131 S. Ct. 1229, 1240 [2011], citing Williams v. New York, 337 U.S. 241, 247 [1949]. It is similarly consistent with Congress's express directive that "[n]o limitation shall be place on the information" a sentencing Court may consider "concerning the [Defendant's] background, character, and conduct" Id., citing 18 U.S.C. Section 3661. Given Mr. Faulkner's

**SENTENCING MEMORANDUM**

Case 1:12-cr-00033-PB   Document 78   Filed 02/15/13   Page 4 of 10
Page # 4
February 11, 2013

personal history, personal transformation, characteristics, and the nature of the offenses, the low end of the guidelines, forty-six [46] months, is an appropriate sentence.

### Mr. Faulkner's Personal History and Characteristics

7. ]     Mr. Faulkner was born on August 18, 1965, in Lowell, Massachusetts, to Paul and Diane Faulkner. His parents divorced when he was around three [3] years of age. His mother and maternal grandparents then raised Mr. Faulkner. He was raised in a middle-class environment devoid of any neglect. Mr. Faulkner graduated from Chelmsford High School on June 5, 1983. He then entered Northern Essex Community College in Haverhill, Massachusetts in September of 1983. He withdrew from the college in December of 1985 without earning his degree. Despite the above, Mr. Faulkner's life was not without its problems, as he abused alcohol and drugs.

8. ]     Mr. Faulkner's life changed drastically in 1989. In 1989, Mr. Faulkner's then girlfriend was killed in a motorcycle crash where he was the driver. Mr. Faulkner was criminally charged for her death, pleading guilty to motor vehicle homicide. After the death of his girlfriend, Mr. Faulkner became sober and began to change his life.

9. ]     He married Dawn M. Mento, on July 23, 1993. This marriage produced two [2] daughters for Mr. Faulkner, McKayla Faulkner and Jaylene Faulkner. His marriage to Ms. Mento dissolved when he discovered that his wife was unfaithful, in 1996. The discovery of his wife's unfaithfulness had a negative impact on Mr. Faulkner. He suffered from depression and returned to using heroin and other drugs, as a coping mechanism at first and then he became addicted using it almost daily. His drug abuse led to a near death experience and he was taken to the emergency room on December 12, 2010, for a suspected drug overdose.

10. ]     Mr. Faulkner's near death experience had a profound impact on him and was the

**SENTENCING MEMORANDUM**

catalyst for him to change. Mr. Faulkner found God during this ordeal. This experience led him to attempt to get off drugs; nevertheless due to his long standing drug addiction, he was unable to on his own. In June of 2011, Mr. Faulkner, with the support of the Christian Motorcycle Association[1], voluntarily entered into a treatment program at Manchester Metro Treatment Center, to stop his abuse of heroin and oxycodone.

11. ]   Mr. Faulkner remained sober while attending the treatment program, at the Manchester Metro Treatment Center. The Manchester Metro Treatment Center notes state "that he was able to abstain from all illicit substances while in treatment." <u>Presentence Investigation Report, Page 17</u>. Mr. Faulkner was then discharged from the treatment program because he was indicted, arrested and incarcerated for these crimes.

12. ]   Through the Christian Motorcycle Association, Mr. Faulkner met his current wife, Patricia Faulkner, in the year 2011. Mr. and Mrs. Faulkner were married in September of 2012, while he was incarcerated at Strafford County Department of Corrections. Mrs. Faulkner states that is was "Craig who helped me get through my daily struggles," after her surgery. <u>Exhibit A, Letter of Patricia Faulkner</u>. Together with Patricia, Craig was trying to help others and help them find God as he has. Mr. Faulkner took on a leadership role with the local chapter of the Christian Motorcycle Association, becoming one of its officers before his arrest. Mr. Faulkner was elected to the Office of Road Captain of the New Covenant Riders chapter of the Christian Motorcycle Association. Mr. Faulkner was on the path of turning his life around and still is on this path to redemption.

---

[1] Mr. Faulkner has been a lifelong motorcycle enthusiast and mechanic. His interest in motorcycles led him to opening, in 2010, his own motorcycle shop, No Limit Cycles, in Manchester, NH.
**SENTENCING MEMORANDUM**

13. ]    Mr. Faulkner is continuing his journey and vocation now while being detained at Strafford County Department of Corrections. Officer Jason M. Collins documents that "Mr. Faulkner is very respectful toward me" and has the same attitude with the whole staff. In Officer Collins opinion, Mr. Faulkner is a "model inmate." Mr. Faulkner "often helps new inmates that arrive on the unit, he participates in cleaning details, attends programs on the unit, and does what is asked and expected of him and respectful while doing so." Exhibit B, Letter of Jason Collins.

14. ]    Mr. Faulkner has participated meaningfully in many of the rehabilitation programs offered at Strafford County Department of Corrections. As of January 9, 2013, Mr. Faulkner has completed the anger management program; completed eight [8] out of the twelve [12] classes for drug and alcohol program, and eight [8] out of ten [10] classes for the life skills program. Mr. Faulkner has also been regularly attending spiritual services since his incarceration in April, 2012. Presentence Investigation Report, Page 17.

15. ]    Mr. Faulkner has turned his life around and is still striving to become a better man. Through his involvement with New Covenant Christian Ministries motorcycle group, he had the opportunity and venue to affect the daily lives of the many people he met through the group. Many of Mr. Faulkner's fellow Church members and New Covenant Christian Ministries members have written letters on behalf of Mr. Faulkner noting his lifestyle change and his affect on others. Exhibit C, Letters from Christian Motorcycle Association Members.

**The Nature and Circumstances of the Offense**

16. ]    Mr. Faulkner committed serious offenses. Mr. Faulkner takes full responsibility for his actions in this regard with his guilty plea. Today, he is not the same person that committed these crimes. Beyond accepting responsibility for his wrongful conduct, Mr. Faulkner accepts that he must serve his sentence for his past crimes, before he can continue into his future. Mr.

**SENTENCING MEMORANDUM**

Faulkner acknowledges that he sold a W.M. Enders, Model Oak Leaf, 16-gauge shotgun to the Confidential Informant on March 2, 2011. In mitigation of Mr. Faulkner's admission that he sold the shotgun, and not by way of excuse, the Confidential Informant came into Mr. Faulkner's shop asking for his help in procuring a firearm because the Confidential Informant felt he was in danger and asked for a firearm to protect himself.  In fact, the Confidential informant was seriously injured and hospitalized approximately six [6] months prior by the person he felt he was in danger from.  Out of misplaced loyalty to his then friend, Mr. Faulkner sold the Confidential Informant a firearm.

17. ]   Mr. Faulkner on August 30, 2011, agreed to sell two [2] firearms to the same Confidential Informant, a .22 caliber pistol and a .380 pistol. Mr. Faulkner provided the .22 caliber pistol to the Confidential Informant the following day for $ 175.00.  On September 1, 2011, the Confidential Informant returned to Mr. Faulkner's motorcycle shop and purchased the .380 caliber pistol.

18. ]   The Federal Bureau of Investigation, in addition to the controlled firearm purchases, instructed the CI to purchase oxycodone pills from Mr. Faulkner and the co-Defendants, Wendy Ford, Craig Ford, and Sharon Cote.  On March 16, 2011, the CI came into No Limit Cycles and purchased 7 oxycodone pills.  Mr. Faulkner is accountable for 0.21 gram of oxycodone "actual."

19. ]   In an effort to make amends for his conduct, Mr. Faulkner recognizes and regrets the negative impact his actions have had within Manchester, New Hampshire.  His conduct has brought shame upon the city, his family, and himself.

B.  **The Guidelines Calculation**

20. ]   Pursuant to the plea agreement, Mr. Faulkner's final offense level is nineteen [19]

**SENTENCING MEMORANDUM**

and his advisory guidelines range is forty-six [46] to fifty-seven [57] months imprisonment. This calculation is based upon a base offense of twenty [20] for one count Possession of an Unregistered Firearm and two counts Possession of a Firearm by a Convicted Felon with a two-level increase because the offense involved three [3] firearms. USSG section 2k2.1[a][4][A]. His adjusted offense level is twenty-two [22]. The Aiding and Abetting the Distribution of a Controlled Substance has a base level of ten [10]. This count does not increase his offense level of twenty-two. There is a downward adjustment for acceptance of responsibility [-3 levels] pursuant to USSG Sections 3E1.1[a] and 3E1.1[b].

21. ]   Mr. Faulkner's criminal history score is eight [8] that establishes a criminal history category of IV. This leads to a sentencing guidelines range of forty-six [46] to fifty-seven [57] months. This is the calculation reflected in the plea agreement reached between Mr. Faulkner and the government, and the United States Probation Office agrees with this calculation. It should further be noted that Mr. Faulkner has served approximately ten [10] months, at the Strafford County Department of Corrections before his sentencing hearing. The ten [10] months spent at Strafford County Department of Corrections should be credited as time served pursuant to 18 United States Code Section 3583[b].

### C. The Requested Sentence Is Sufficient, But Not Greater Than Necessary to Satisfy the Purposes of Punishment.

22. ]   The requested sentence will achieve retributive justice, and is sufficient, but not greater than necessary, to satisfy the purposes of punishment as articulated in 18 United States Code Section 3553[a][2]. Specifically, the punishment reflects the seriousness of the offenses, promotes respect for the law, and provides just punishment for the offense. Further it affords adequate deterrence and protects the public from further crimes of Mr. Faulkner. Mr. Faulkner

**SENTENCING MEMORANDUM**

has fully accepted responsibility for his conduct, having pled guilty, and he has expressed genuine remorse.

23. ] Mr. Faulkner has demonstrated respect for the law by acting as a "model inmate" while being held at Strafford County Department of Corrections. With regard to deterrence, the requested sentence is an adequate and appropriate penalty that will serve the purpose of deterring Mr. Faulkner from breaking the law again. As previously stated, Mr. Faulkner is a changed man, having found redemption with his church and religion. He is genuinely remorseful about the offenses he has committed, and he is determined to make a positive example of himself so that others in the community can learn from his mistakes.

## CONCLUSION

24. ] For the foregoing reasons, Mr. Faulkner respectfully requests that the Court impose a sentence of forty-six [46] months imprisonment, or some lesser amount, less the time he served, of approximately ten [10] months, at Strafford County Department of Corrections, with six [6] years of supervised release, no fine or restitution, and a judicial recommendation that Mr. Faulkner be placed as close to New Hampshire as possible.

## CERTIFICATE OF SERVICE

I hereby certify under oath and under the pains and penalties of perjury that I served the above pleading to those parties appearing in this action by service electronically thereto and by mailing the same, postage prepaid, by first class mail to those not appearing electronically, including, but not limited to all pro se parties.

        Respectfully submitted,
        Craig Faulkner,
        By His Attorneys,

**SENTENCING MEMORANDUM**

Page # 10
<u>February 11, 2013</u>

    /S/ Paul J. Garrity
Paul J. Garrity, Esquire,
Bar No. 905
Garrity Law Office
14 Londonderry Road
Londonderry, NH 03053
Telephone : 603-434-4106
Email : garritylaw@myfairpoint.net

Signature Valid Joseph S. Provanzano, Esquire
Digitally Signed By Joseph S. Provanzano, Esquire
DN CN = Joseph S. Provanzano, Esquire C = US
Date : 2013.02.13 03:30:02-05'00'
<u>/s/ Joseph S. Provanzano, Esquire</u>
Joseph S. Provanzano, Esquire
BBO # 407400
**LAW OFFICES OF**
**JOSEPH S. PROVANZANO**
16 Bourbon Street, Suite C
Peabody,  MA  01960-1338
provanzanolaw@aol.com

Tel.    : [978] 535 - 8222
Date   : Wednesday, February 13, 2013
File    : P09-2700

**<u>SENTENCING MEMORANDUM</u>**