# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW HAMPSHIRE

UNITED STATES OF AMERICA

v.

CRAIG FAULKNER

**JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed On or After November 1987)

Case Number: 12-cr-33-01-PB

Paul Garrity, Esq.
Joseph Provanzano, Esq, Esq.
Defendant's Attorney

**THE DEFENDANT:**

☒ pleaded guilty to count(s): _1, 2,3 and 9 of the Indictment_.
☐ pleaded nolo contendere to count(s) __ which was accepted by the court
☐ was found guilty on count(s) __ after a plea of not guilty

**ACCORDINGLY**, the court has adjudicated that the defendant is guilty of the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|

See next page.

The defendant is sentenced as provided in pages 2 through 3 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) __ and is discharged as to such count(s)

☐ Count(s) dismissed on motion of the United States: __.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances

February 20, 2013
Date of Imposition of Judgment

_(signature)_
Signature of Judicial Officer

Paul Barbadoro
United States District Judge
Name & Title of Judicial Officer

2-25-2013
Date

CERTIFIED TO BE A TRUE COPY
JAMES R. STARR, CLERK
BY: _(signature)_
DEPUTY CLERK 2-26-2013

CASE NUMBER:  
DEFENDANT:
Judgment - Page 2 of 7

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 26 USC 5861(d), 5841 and 5871 | Possession of an unregistered firearm | March 2, 2011 | 1 |
| 18 USC 922 (g)(1) | Possession of a firearm by a convicted felon | August 31, 2011 | 2 |
| 18 USC 922(g)(1) | Possession of a firearm by a convicted felon | September 1, 2011 | 3 |
| 21 USC 841(a)(1) and 18 USC 2 | Distribution of Oxycodone and Aiding and Abetting | March 16, 2011 | 9 |

AO 245B (Rev. 09/08) Judgment in a Criminal Case - Sheet 2 — Imprisonment
Case 1:12-cr-00033-PB Document 85 Filed 04/16/13 Page 3 of 7

CASE NUMBER: 12-cr-33-01-PB
DEFENDANT: CRAIG FAULKNER
Judgment - Page 3 of 7

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of 46 Months.

on each count, to be served concurrently

☒ The court makes the following recommendations to the Bureau of Prisons:

that the defendant participate in the intensive drug education and treatment program, that he receive mental health treatment and that he be evaluated by BOP for placement and that the placement be as close to his family as possible

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district.
  ☐ on __ at __.
  ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
  ☐ on _ before _.
  ☐ as notified by the United States Marshal.
  ☐ as notified by the Probation or Pretrial Services Officer.

## RETURN

I have executed this judgment as follows:

_____
_____
_____
_____

Defendant delivered on ___3/12/13___ to ___FCI FTD___

at ___AU___, with a certified copy of this judgment.

UNITED STATES MARSHAL

By: _J Hollingsworth_ Warden
Deputy U.S. Marshall

CASE NUMBER: 12-cr-33-01-PB
DEFENDANT:   CRAIG FAULKNER

Judgment - Page 4 of 7

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of <u>6 Years</u>.

3 years on counts 1, 2 and 3 and 6 years on count 6, all such terms to run concurrently

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed 72 drug tests per year of supervision.

☐  The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse.   (Check if applicable.)

☒  The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below).   The defendant shall also comply with the additional conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

1) The defendant shall not leave the judicial district without permission of the court or probation officer;
2) The defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3) The defendant shall answer truthfully all inquiries by the probation officer and follow instructions of the probation officer;
4) The defendant shall support his or her dependents and meet other family responsibilities;
5) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;
6) The defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (Rev. 09/08) Judgment in a Criminal Case Sheet 3 - Supervised Release
Case 1:12-cr-00033-PB Document 85 Filed 04/16/13 Page 5 of 7

CASE NUMBER: 12-cr-33-01-PB
DEFENDANT: CRAIG FAULKNER

Judgment - Page 5 of 7

# SPECIAL CONDITIONS OF SUPERVISION

In addition, the defendant shall comply with the following special conditions:

As directed by the probation officer, the defendant shall participate in a program approved by the United States Probation Office for treatment of narcotic addiction or drug or alcohol dependency which will include testing for the detection of substance use or abuse. The defendant shall also abstain from the use of alcoholic beverages and/or all other intoxicants during and after the course of treatment. The defendant shall pay for the cost of treatment to the extent he is able as determined by the probation officer.

The defendant shall participate in a program of mental health treatment, as directed by the probation officer, until such time as the defendant is released from the program by the probation officer. The defendant shall pay for the cost of treatment to the extent he is able as determined by the probation officer.

The defendant shall submit his person, residence, office, or vehicle to a search conducted by a U.S. Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion that contraband or evidence of a violation of a condition of release may exist; failure to submit to a search may be grounds for revocation; the defendant shall warn any other residents that the premises may be subject to searches pursuant to this condition.

Upon a finding of a violation of probation or supervised release, I understand that the court may: (1) revoke supervision; (2) extend the term of supervision; and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed)

_____        _____
Defendant                                      Date

_____        _____
U.S. Probation Officer/ Designated Witness     Date

CASE NUMBER: 12-cr-33-01-PB
DEFENDANT: CRAIG FAULKNER

Judgment - Page 6 of 7

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 6.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| Totals: | $400.00 | | |

☐ The determination of restitution is deferred until .  An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant shall make restitution (including community restitution) to the following payees in the amount listed.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below.  However, pursuant to 18  U.S.C. § 3664(i), all non-federal victims must be paid in full prior to the United States receiving payment.

| Name of Payee | **Total Amount of Loss | Amount of Restitution Ordered | Priority Order or % of Pymnt |
|---|---|---|---|
| TOTALS: | | $ 0.00 | $ 0.00 |

☐ If applicable, restitution amount ordered pursuant to plea agreement.

☐ The defendant shall pay interest on any fine or restitution of more than $2500, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. §3612(f).  All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. §3612(g).

☐ The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

☐ The interest requirement is waived for the      ☐ fine     ☐ restitution.

☐ The interest requirement for the      ☐ fine and/or     ☐ restitution is modified as follows:

Case 1:12-cr-00033-PB   Document 85   Filed 04/16/13   Page 6 of 7

** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994 but before April 23, 1996.

CASE NUMBER: 12-cr-33-01-PB
DEFENDANT: CRAIG FAULKNER

Judgment - Page 7 of 7

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

**A** ☒ Lump sum payment of $400.00 due immediately, balance due

☐ not later than _, or
☐ in accordance with ☐ **C**, ☐ **D**, or ☐ **E** below; or

**B** ☐ Payment to begin immediately (may be combined with ☐ **C**, ☐ **D**, or ☐ **E** below); or

**C** ☐ Payment in installments of $ over a period of , to commence days after release from imprisonment to a term of supervision; or

**D** ☐ Commencing thirty days after release from imprisonment to the term of supervision, payments shall be made in equal monthly installments of $ during the period of supervised release, and thereafter.

**E** ☐ Special instructions regarding the payment of criminal monetary penalties:


Criminal monetary payments are to be made to Clerk, U.S. District Court, 55 Pleasant Street, Room 110, Concord, NH 03301. Payments shall be in cash or in a bank check or money order made payable to Clerk, U.S. District Court. Personal checks are not accepted.

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are to be made payable to the clerk of the court, unless otherwise directed by the court, the probation officer, or the United States attorney.

The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

**Defendant Name**         **Case Number**         **Joint and Several Amount**


☐ The defendant shall pay the cost of prosecution.


☐ The defendant shall pay the following court cost(s):


☒ The defendant shall forfeit the defendant's interest in the following property to the United States:
Walther, Model Sport Mark II, .22 caliber pistol (serial #58435C)
Llama, .380 caliber pistol (serial #A52800)
W.M.Enders, Model Oak Leak, 16 gauge shotgun (serial #106BT)
All ammunition involved with the offenses

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest, (7) penalties, and (8) costs, including cost of prosecution and court costs.