CLOSED

# U.S. District Court
# District of New Hampshire (Concord)
# CRIMINAL DOCKET FOR CASE #: 1:12–cr–00033–PB–1

Case title: USA v. Faulkner et al

Date Filed: 03/07/2012
Date Terminated: 02/25/2013

Assigned to: Judge Paul J. Barbadoro

**Defendant (1)**

| | | |
|---|---|---|
| **Craig Faulkner**<br>*TERMINATED: 02/25/2013* | represented by | **Joseph S. Provanzano**<br>Provanzano Law Offices<br>16 Bourban St. Suite C<br>Peabody, MA 01960–1338<br>978 535–8222<br>Email: provanzanolaw@aol.com<br>*LEAD ATTORNEY*<br>*PRO HAC VICE*<br>*ATTORNEY TO BE NOTICED*<br>*Designation: Pro Bono* |
| | | **Paul J. Garrity**<br>Garrity Law Office<br>14 Londonderry Rd<br>Londonderry, NH 03053<br>603 434–4106<br>Email: garritylaw@myfairpoint.net<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br>*Designation: CJA Appointment* |

| **Pending Counts** | **Disposition** |
|---|---|
| 26:5861(d), 5841 and 5871<br>Possession of an unregistered firearm<br>(1) | AMENDED JUDGMENT: The defendant shall submit to DNA collection while incarcerated in the Bureau of Prisons or at the direction of the United States Probation Office. All other provisions of the Judgment entered February 25, 2013 remain imposed. JUDGMENT (February 25, 2013): Committed to Bureau of Prison for total of 46 months, with special conditions, remanded to US Marshal custody; 6 Years Supervised Release with special conditions. $400 Special Assessment due immediately; Fine waived |
| 18:922(g)(1) Possession of a firearm by a convicted felon | AMENDED JUDGMENT: The defendant shall submit to DNA collection while incarcerated in the |

| | |
|---|---|
| (2) | Bureau of Prisons or at the direction of the United States Probation Office. All other provisions of the Judgment entered February 25, 2013 remain imposed. JUDGMENT (February 25, 2013): Committed to Bureau of Prison for total of 46 months, with special conditions, remanded to US Marshal custody; 6 Years Supervised Release with special conditions. $400 Special Assessment due immediately; Fine waived |
| 18:922(g)(1) Possessionof a firearm by a convicted felon (3) | AMENDED JUDGMENT: The defendant shall submit to DNA collection while incarcerated in the Bureau of Prisons or at the direction of the United States Probation Office. All other provisions of the Judgment entered February 25, 2013 remain imposed. JUDGMENT (February 25, 2013): Committed to Bureau of Prison for total of 46 months, with special conditions, remanded to US Marshal custody; 6 Years Supervised Release with special conditions. $400 Special Assessment due immediately; Fine waived |
| 21:841(a)(1) and 18:2 Distribution of Oxycodone and aiding and abetting in the distribution of Oxycodone (9) | AMENDED JUDGMENT: The defendant shall submit to DNA collection while incarcerated in the Bureau of Prisons or at the direction of the United States Probation Office. All other provisions of the Judgment entered February 25, 2013 remain imposed. JUDGMENT (February 25, 2013): Committed to Bureau of Prison for total of 46 months, with special conditions, remanded to US Marshal custody; 6 Years Supervised Release with special conditions. $400 Special Assessment due immediately; Fine waived |

**Highest Offense Level (Opening)**

Felony

**Terminated Counts**                                    **Disposition**

None

**Highest Offense Level (Terminated)**

None

**Complaints**                                                **Disposition**

None

**Plaintiff**

**USA**                                    represented by  **Jennifer C. Davis**
                                           US Attorney's Office (NH)
                                           James C Cleveland Federal Bldg
                                           53 Pleasant St, 4th Flr
                                           Concord, NH 03301
                                           603 225−1552
                                           Email: jennifer.c.davis@usdoj.gov
                                           *ATTORNEY TO BE NOTICED*

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 03/07/2012 | 1 | 10 | SEALED INDICTMENT as to Craig Faulkner (1) count(s) 1, 2, 3, 9, Wendy Ford (2) count(s) 4, 5−6, 7, 8, 9, 12−14, Craig Ford (3) count(s) 9, 10, 11, Sharon Cote (4) count(s) 4. with notice of criminal firearms forfeiture *Original document available in clerks office.*(mxm) (Entered: 03/08/2012) |
| 03/07/2012 | 3 | | Praecipe for Warrant by USA as to Craig Faulkner. (mxm) (Entered: 03/08/2012) |
| 03/07/2012 | 7 | | MOTION to Seal Case at Level I until defendant is taken into custody by USA as to Craig Faulkner, Wendy Ford, Craig Ford, Sharon Cote. (mxm) (Entered: 03/08/2012) |
| 03/07/2012 | | | **ENDORSED ORDER granting 7 Motion to Seal Case at Level I as to Craig Faulkner (1), Wendy Ford (2), Craig Ford (3), Sharon Cote (4). *Text of Order: Granted* So Ordered by Magistrate Judge Landya B. McCafferty. (mxm)** (Entered: 03/08/2012) |
| 03/08/2012 | | | Arrest Warrant Issued as to Craig Faulkner, Wendy Ford, Craig Ford, Sharon Cote. Original warrant and copies to US Marshal and US Probation. (mxm) (Entered: 03/08/2012) |
| 03/12/2012 | 8 | | MOTION to Seal Case at Level II until defendant is taken into custody by USA as to Craig Faulkner, Wendy Ford, Craig Ford, Sharon Cote. (mm) (Entered: 03/12/2012) |
| 03/13/2012 | | | **ENDORSED ORDER denying without prejudice 8 Motion to Seal Case as to Craig Faulkner (1), Wendy Ford (2), Craig Ford (3), Sharon Cote (4). *Text of Order: Denied without prejudice to submission of a motion that includes a rationale for the enhanced seal. The first motion to seal at Level I (doc. no. 7) is identical to the instant motion to seal at Level II (doc. no. 8)* So Ordered by Magistrate Judge Landya B. McCafferty. (mm)** (Entered: 03/13/2012) |
| 03/14/2012 | 9 | | MOTION to Seal Case at Level II until defendant is taken into custody by USA as to Craig Faulkner, Wendy Ford, Craig Ford, Sharon Cote. (mxm) (Entered: 03/14/2012) |
| 03/15/2012 | | | **ENDORSED ORDER denying without prejudice 9 Motion to Seal Case as to Craig Faulkner (1), Wendy Ford (2), Craig Ford (3), Sharon Cote (4). *Text of Order: Denied without prejudice. Although not stated, the court presumes the government intended originally to request a Level II seal, but mistakenly requested a Level I seal. If that is the case, it would be helpful for the court to know that −− as that would provide a justification for the enhanced seal that makes sense and would likely be granted. As it stands,*** |

| | | | |
|---|---|---|---|
| | | | *however, the proffered rationale for the enhancement from Level I to II does not make sense to the court.* **So Ordered by Magistrate Judge Landya B. McCafferty. (mm)** (Entered: 03/15/2012) |
| 04/12/2012 | | | Arrest of Craig Faulkner. (kad) (Entered: 04/12/2012) |
| 04/12/2012 | <u>10</u> | | MOTION to Unseal Case by USA as to Craig Faulkner, Wendy Ford, Craig Ford, Sharon Cote. (mxm) (Entered: 04/12/2012) |
| 04/12/2012 | | | **ENDORSED ORDER granting <u>10</u> Motion to Unseal Case as to Craig Faulkner (1), Wendy Ford (2), Craig Ford (3), Sharon Cote (4).** *Text of Order: Granted* **So Ordered by Magistrate Judge Landya B. McCafferty. (mxm)** (Entered: 04/12/2012) |
| 04/12/2012 | <u>11</u> | | Arrest Warrant Returned Executed on 4/12/12 as to Craig Faulkner. (mxm) (Entered: 04/12/2012) |
| 04/12/2012 | <u>14</u> | | **CJA 20 as to Craig Faulkner: Appointment of Attorney Paul J. Garrity for Craig Faulkner for criminal case representation. Assignment accepted on 4/12/2012. NOTICE: COUNSEL SHALL PRINT AND SUBMIT COMPLETED VOUCHER FOR PAYMENT AT APPROPRIATE TIME. Signed by Clerk James R. Starr. Follow up on submission of CJA Voucher on 10/12/2012. (Attachments: # <u>1</u> CJA Attorney Fact Sheet)(kad)** (Entered: 04/13/2012) |
| 04/12/2012 | <u>15</u> | | MOTION to Appoint Counsel with Financial Declaration by Craig Faulkner. *Original document available in clerks office.* (kad) (Entered: 04/13/2012) |
| 04/12/2012 | | | **ENDORSED ORDER approving <u>15</u> Motion to Appoint Counsel as to Craig Faulkner (1).** *Text of Order: Request approved. Appoint counsel.* **So Ordered by Magistrate Judge Landya B. McCafferty. (kad)** (Entered: 04/13/2012) |
| 04/12/2012 | | | Minute Entry for proceedings held before Magistrate Judge Landya B. McCafferty: INITIAL APPEARANCE and ARRAIGNMENT as to Craig Faulkner (1) Count 1,2,3,9 held on 4/12/2012. Defendant advised of rights &charges, waived reading of indictment, and pled not guilty. Court approves financial affidavit. Trial Date: 6/5/2012, 4 days. Upon motion of the government, defendant is ordered temporarily detained pending a detention hearing set for 4/17/2012 at 2:30 p.m. (Tape #4:31) (Govt Atty: Jennifer Davis) (Defts Atty: Paul Garrity) (USP: Sean Buckley) (Total Hearing Time: :04)(CJA Time: :35) (kad) (Entered: 04/13/2012) |
| 04/13/2012 | <u>16</u> | | **ORDER OF TEMPORARY DETENTION as to Craig Faulkner. Detention Hearing set for 4/17/2012 02:30 PM before Magistrate Judge Daniel J. Lynch. So Ordered by Magistrate Judge Landya B. McCafferty. (kad)** (Entered: 04/13/2012) |
| 04/13/2012 | | | TRIAL NOTICE: Jury Selection/Trial set for two week period beginning 6/5/2012 09:30 AM before Judge Paul J. Barbadoro. Final Pretrial Conference set for 5/24/2012 11:30 AM before Judge Paul J. Barbadoro. JERS Statement due 5/29/2012. Any motion to continue shall be filed 1 week before the Final Pretrial Conference or the Final Pretrial will be held as scheduled.(mxm) (Entered: 04/13/2012) |
| 04/17/2012 | | | |

| | | | |
|---|---|---|---|
| | | | Reset Trial Deadline(s) in case as to Craig Faulkner, Craig Ford Final Pretrial Conference set for 7/31/2012 03:30 PM before Judge Paul J. Barbadoro. JERS Statement due 8/14/2012. Jury Selection/Trial set for two week period beginning 8/21/2012 09:30 AM before Judge Paul J. Barbadoro. (mm) (Entered: 04/17/2012) |
| 04/17/2012 | | | Minute Entry for proceedings held before Magistrate Judge Daniel J. Lynch: DETENTION HEARING as to Craig Faulkner held on 4/17/2012. Defendant detained, order to issue. (Tape #2:50) (Govt Atty: Jennifer Davis) (Defts Atty: Paul Garrity) (USP: Sean Buckley)(Total Hearing Time: :47)(CJA Time: 1:07) (kad) (Entered: 04/18/2012) |
| 04/18/2012 | 26 | | **ORDER OF DETENTION as to Craig Faulkner. So Ordered by Magistrate Judge Daniel J. Lynch. (kad)** (Entered: 04/19/2012) |
| 06/21/2012 | 42 | | Assented to MOTION for Attorney Joseph Provanzano to Appear Pro Hac Vice (Filing fee $ 100, receipt number 0102–894944.) by Craig Faulkner. (Garrity, Paul) (Additional attachment(s) added on 6/25/2012: # 1 Exhibit (Affidavit) Jospeh Provanzano) (mxm). (Entered: 06/21/2012) |
| 06/25/2012 | | | **ENDORSED ORDER granting 42 Motion to Appear Pro Hac Vice (Attorney Joseph S. Provanzano for Craig Faulkner added) as to Craig Faulkner (1). *Text of Order: Granted on the condition that Joseph Provanzano complete an online ECF Registration Form within 10 days* So Ordered by Judge Paul J. Barbadoro. ECF Registration Deadline set for 7/9/2012. To access the online registration form, click HERE.** Persons filing electronically are strongly encouraged to complete the interactive training modules available on the courts website. To access these modules, click HERE.(mm) (Entered: 06/25/2012) |
| 07/19/2012 | | | TRIAL REMINDER: There is an upcoming trial in this case. Any Motion to Continue shall be filed 1 week before the Final Pretrial Conference or the Final Pretrial will be held as scheduled. (mm) (Entered: 07/19/2012) |
| 07/20/2012 | 45 | | NOTICE OF ATTORNEY APPEARANCE: Joseph S. Provanzano appearing for Craig Faulkner *as co−counsel*. (Provanzano, Joseph) (Entered: 07/20/2012) |
| 07/20/2012 | 46 | | Assented to MOTION to Continue Pretrial Conference and Trial , Assented to MOTION to Continue Trial 90 days (Waiver of Speedy Trial to be filed conventionally)( Waiver of Speedy Trial due 7/30/2012.)by Craig Faulkner as to Craig Faulkner, Wendy Ford, Craig Ford, Sharon Cote. (Provanzano, Joseph) (Entered: 07/20/2012) |
| 07/23/2012 | 47 | | **ORDER granting 46 Assented to MOTION to Continue Pretrial Conference and Trial Assented to MOTION to Continue Trial 90 days (Waiver of Speedy Trial to be filed conventionally) as to Craig Faulkner (1), Wendy Ford (2), Craig Ford (3), Sharon Cote (4( Final Pretrial Conference set for 10/25/2012 02:00 PM before Judge Paul J. Barbadoro., JERS Statement due 10/30/2012., Jury Selection/Trial set for two week period beginning 11/6/2012 09:30 AM before Judge Paul J. Barbadoro., So Ordered by Judge Paul J. Barbadoro. (mxm)** (Entered: 07/23/2012) |
| 07/31/2012 | 48 | | WAIVER of Speedy Trial by Craig Faulkner. (jab) (Entered: 07/31/2012) |

| 10/11/2012 | | | TRIAL REMINDER: There is an upcoming trial in this case. Any Motion to Continue shall be filed 1 week before the Final Pretrial Conference or the Final Pretrial will be held as scheduled. (mm) (Entered: 10/11/2012) |
|---|---|---|---|
| 10/12/2012 | 53 | | Information of Prior Conviction by USA as to Craig Faulkner (Davis, Jennifer) (Entered: 10/12/2012) |
| 10/24/2012 | | | NOTICE OF HEARING as to Craig Faulkner. Change of Plea Hearing set for 11/2/2012 10:00 AM before Judge Paul J. Barbadoro. **NOTICE: For cost containment purposes, the court prefers that the USPO conduct the PSR interview immediately following the COP hearing. Thus, prior to the COP hearing, a USPO may contact counsel for the purpose of scheduling the PSR interview after the COP hearing.(mxm) (Entered: 10/24/2012)** |
| 11/02/2012 | 59 | | PLEA AGREEMENT as to Craig Faulkner. (mxm) (Entered: 11/02/2012) |
| 11/02/2012 | | | Minute Entry for proceedings held before Judge Paul J. Barbadoro: CHANGE OF PLEA HEARING held on 11/2/2012 as to Craig Faulkner (1) Guilty Count 1,2,3,9. Defendant sworn and advised of rights/charge(s). No objection to offer of proof. Discussion of prior plea offers, only one offer made which the defendant accepted. Court accepts guilty plea. Oral order entered directing defendant to be detained pending sentencing. (Court Reporter: Susan Bateman) (Govt Atty: Jennifer David) (Defts Atty: Paul Garrity, Joseph Provanzano) (USP: JaNice Bernard)(Total Hearing Time:.15)(CJA Time:.20) (mxm) (Entered: 11/02/2012) |
| 11/02/2012 | | | NOTICE OF HEARING as to Craig Faulkner. Sentencing set for 2/20/2013 10:30 AM before Judge Paul J. Barbadoro.*The court has allotted 1/2 hour for the hearing. Please contact the court immediately if you anticipate the hearing will exceed the allotted time.* **Any motion seeking a departure or variance, as well as any sentencing memorandum, shall be filed 10 days prior to the sentencing date. Any response shall be filed 4 days prior to sentencing date.(mxm) (Entered: 11/02/2012)** |
| 01/03/2013 | 64 | | Assented to MOTION for Forfeiture of Firearms by USA as to Craig Faulkner. (Attachments: # 1 Proposed Preliminary Order of Forfeiture) (Davis, Jennifer) (Entered: 01/03/2013) |
| 01/04/2013 | | | **ENDORSED ORDER granting 64 Assented to MOTION for Forfeiture of Firearms as to Craig Faulkner (1). *Text of Order: Granted* So Ordered by Judge Paul J. Barbadoro. (mxm)** (Entered: 01/07/2013) |
| 01/04/2013 | 65 | | **PRELIMINARY ORDER OF FORFEITURE as to Craig Faulkner. So Ordered by Judge Paul J. Barbadoro. (mxm)** (Entered: 01/07/2013) |
| 02/12/2013 | 77 | | SENTENCING MEMORANDUM by Craig Faulkner. (Attachments: # 1 Exhibit A – Letter, # 2 Exhibit B – Letter, # 3 Exhibit C – Letter)(Provanzano, Joseph) (Entered: 02/12/2013) |
| 02/15/2013 | 78 | | SENTENCING MEMORANDUM *AMENDED* by Craig Faulkner. (Garrity, Paul) (Entered: 02/15/2013) |
| 02/19/2013 | 79 | | Assented to MOTION for Forfeiture of Various Firearms by USA as to Craig Faulkner. (Attachments: # 1 Proposed Order Final Order of Forfeiture) (Davis, Jennifer) (Entered: 02/19/2013) |

| 02/20/2013 | | | Minute Entry for proceedings held before Judge Paul J. Barbadoro: SENTENCING held on 2/20/2013 for Craig Faulkner (1) Sentenced on Count 1,2,3,9. Fine waived due to inability to pay. Appeal rights to defendant. Court accepts the parties agreed upon sentence (Court Reporter: Sandra Bailey) (Govt Atty: Jennifer Davis) (Defts Atty: Paul Garrity, Joseph Provanzano) (USP: Janice Bernard)(Total Hearing Time:.15)(CJA Time:.30) (mm) (Entered: 02/20/2013) |
|---|---|---|---|
| 02/20/2013 | 80 | | **FINAL ORDER OF FORFEITURE granting 79 Assented to MOTION for Forfeiture of Various Firearms as to Craig Faulkner (1). So Ordered by Judge Paul J. Barbadoro. (mm)** Modified on 2/21/2013 to add:Final Order of Forfeiture (mm). (Entered: 02/21/2013) |
| 02/25/2013 | 84 | | **JUDGMENT as to Craig Faulkner (1), Count(s) 1, 2, 3, 9, Committed to Bureau of Prison for total of 46 months, with special conditions, remanded to US Marshal custody; 6 Years Supervised Release with special conditions. $400 Special Assessment due immediately; Fine waived So Ordered by Judge Paul J. Barbadoro. (mxm)** (Entered: 02/25/2013) |
| 04/16/2013 | 85 | | Judgment Returned Executed as to Craig Faulkner on 3/12/13. (mxm) (Entered: 04/17/2013) |
| 05/07/2013 | 86 | | NOTICE of clerical error re 84 Judgment, as to Craig Faulkner. (mm) (Entered: 05/09/2013) |
| 05/28/2013 | 89 | 25 | **AMENDED JUDGMENT as to Craig Faulkner (1) – Amended to reflect imposition of standard condition of supervised release (DNA collection). All other provisions of the judgment entered on February 25, 2013 remain imposed. So Ordered by Judge Paul J. Barbadoro. (vln)** (Entered: 05/29/2013) |
| 06/20/2013 | | | CJA VOUCHER REQUEST. Paul Garrity was appointed under the CJA to represent Craig Faulkner. The case was concluded on 2/25/2013. LCrR44.1(b) requires that CJA vouchers be submitted no later than 45 days from the date of disposition. Our records indicate no voucher has been filed. In order to conclude this matter Paul Garrity shall file a completed voucher by CJA 20 Voucher deadline 7/11/2013. CJA 20 Voucher deadline 7/11/2013 (mm) (Entered: 06/20/2013) |
| 07/15/2013 | | | **CJA 20 as to Craig Faulkner: Authorization to Pay Paul J. Garrity for Criminal Case representation for Offense Code 6701. Total Amount Paid this Voucher: $7,499.37. So Ordered by Judge Paul J. Barbadoro. _Original document available in clerks office._ (ec)** (Entered: 07/18/2013) |
| 12/03/2015 | 116 | | Probation Jurisdiction Transferred to District of Massachusetts as to Craig Faulkner. Transmitted Transfer of Jurisdiction form, with copies of the charging document, judgment and docket sheet. (Attachments: # 1 Transfer Memo, # 2 Unredacted Prob 22)(js) (Entered: 12/04/2015) |
| | | 8 | *Main Document* |
| | | 9 | Attachment # 1 *Transfer Memo* |
| | | | Attachment # 2 *Unredacted Prob 22 (Not Attached)* |

| PROB 22<br>(Rev. 2/88) | | DOCKET NUMBER *(Tran. Court)* |
| --- | --- | --- |
| **TRANSFER OF JURISDICTION** | | 12-CR-33-01-PB |
| | | DOCKET NUMBER *(Rec. Court)* |
| | | 15CR 10341 |

| NAME AND ADDRESS OF PROBATIONER/SUPERVISED RELEASEE | DISTRICT | DIVISION |
| --- | --- | --- |
| Craig Faulkner | DISTRICT OF NEW HAMPSHIRE | |
| | NAME OF SENTENCING JUDGE | |
| | Honorable Paul J. Barbadoro | |

| DATES OF PROBATION/<br>SUPERVISED RELEASE | FROM | TO |
| --- | --- | --- |
| | August 13, 2015 | August 12, 2021 |

**OFFENSE**

Count 1: Possession of an Unregistered Firearm, in violation of 26 U.S.C. §§ 5861(d), 5841 and 5871

Counts 2 and 3: Possession of a Firearm by a Convicted Felon, in violation of 18 U.S.C. § 922(g)(1)

Count 9: Distribution of Oxycodone and Aiding and Abetting, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2

---

**PART 1 - ORDER TRANSFERRING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE <u>DISTRICT OF NEW HAMPSHIRE</u>

IT IS HEREBY ORDERED that, pursuant to 18 U.S.C. 3605, the jurisdiction of the probationer or supervised releasee named above be transferred with the records of this Court to the United States District Court for the District of Massachusetts upon that Court's order of acceptance of jurisdiction. This Court hereby expressly consents that the period of probation or supervised release may be changed by the District Court to which this transfer is made without further inquiry of this court.*

| 10-19-2 5 | |
| --- | --- |
| *Date* | *United States District Judge* |

*This sentence may be deleted in the discretion of the transferring Court.

---

**PART 2 - ORDER ACCEPTING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE <u>DISTRICT OF MASSACHUSETTS</u>

IT IS HEREBY ORDERED that jurisdiction over the above-named probationer/supervised releasee be accepted and assumed by this Court from and after the entry of this order.

| 11 10 15 | |
| --- | --- |
| *Effective Date* | *United States District Judge* |

①



**UNITED STATES PROBATION & PRETRIAL SERVICES**
**District of New Hampshire**

# MEMORANDUM

**DATE:**        12/3/2015

**TO:**          Daniel J. Lynch
                 Clerk of Court

**FROM:**        Christopher Pingree CH P ḅyȶ
                 Supervising U.S. Probation Officer

**RE:**          U.S. v. Craig Faulkner
                 Docket #12-CR-33-01-PB

### <u>Transfer of Jurisdiction</u>

  Attached hereto are two original properly executed Probation Forms 22, Transfer of Jurisdiction, authorizing a transfer of jurisdiction of this matter to the District of Massachusetts. Kindly transfer the Court file to the District of Massachusetts at your earliest convenience.

  If you have any questions or need further information, please call me.

UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 1:12-cr-33-01/04-PB |
| | ) | |
| CRAIG FAULKNER | ) | |
| WENDY FORD | ) | |
| CRAIG FORD | ) | |
| SHARON COTE | ) | |

_____

INDICTMENT

The Grand Jury Charges:

COUNT ONE
**[Possession of an Unregistered Firearm]**
**[26 U.S.C. §§ 5861(d), 5841 and 5871]**

On or about March 2, 2011, in the District of New Hampshire, the defendant,

**CRAIG FAULKNER**

knowingly received and possessed a firearm, namely a W.M. Enders, Model Oak Leak, 16 gauge

shotgun, serial number 106BT, such shotgun having an overall length of less than twenty six

inches and a barrel length of less than eighteen inches, not registered to him in the National

Firearms Registration and Transfer Record, in violation of Title 26, United States Code, Sections

5861(d), 5841 and 5871.

1

The Grand Jury further charges:

COUNT TWO

**[Possession of a Firearm by a Convicted Felon]**
**[18 U.S.C. § 922 (g)(1)]**

On or about August 31, 2011, in the District of New Hampshire, the defendant

**CRAIG FAULKNER**

having been convicted on or about July 18, 2005 in the Hillsborough County (NH) Superior

Court of Sale of a Controlled Drug, a felony punishable by a term of imprisonment exceeding

one (1) year; did knowingly and intentionally possess a Walther, Model Sport Mark II, .22

caliber pistol, serial number 58435C, which had been shipped or transported in interstate

commerce or foreign commerce, in violation of Title 18, United States Code, Section 922(g)(1).

2

The Grand Jury further charges:

COUNT THREE

**[Possession of a Firearm by a Convicted Felon]**
**[18 U.S.C. § 922 (g)(1)]**

On or about September 1, 2011, in the District of New Hampshire, the defendant

**CRAIG FAULKNER**

having been convicted on or about July 18, 2005 in the Hillsborough County (NH) Superior

Court of Sale of a Controlled Drug, a felony punishable by a term of imprisonment exceeding

one (1) year; did knowingly and intentionally possess a Llama, .380 caliber pistol, serial number

A52800, which had been shipped or transported in interstate commerce or foreign commerce, in

violation of Title 18, United States Code, Section 922(g)(1).

The Grand Jury further charges:

COUNT FOUR
**[Distribution of a Controlled Substance - 21 U.S.C. § 841(a)(1)]**
**[Aiding and Abetting — 18 U.S.C. § 2]**

On or about February 3, 2011, in the District of New Hampshire, the defendants,

**WENDY FORD, and**
**SHARON COTE**

did knowingly, intentionally and unlawfully distribute and aid and abet each other in the

distribution of a quantity of cocaine base "crack", a Schedule II narcotic controlled substance, in

violation of Title 21, United States Code, Section 841(a)(1) and 18 United States Code, Section

2.

The Grand Jury further charges:

COUNT FIVE

**[Distribution of a Controlled Substance - 21 U.S.C. § 841(a)(1)]**

On or about February 8, 2011, in the District of New Hampshire, the defendant,

**WENDY FORD**

did knowingly, intentionally and unlawfully distribute a quantity of cocaine base "crack",  a

Schedule II narcotic controlled substance, in violation of Title 21, United States Code, Section

841(a)(1).

5

The Grand Jury further charges:

COUNT SIX

**[Distribution of a Controlled Substance - 21 U.S.C. § 841(a)(1)]**

On or about February 16, 2011, in the District of New Hampshire, the defendant,

**WENDY FORD**

did knowingly, intentionally and unlawfully distribute a quantity of cocaine base "crack",  a

Schedule II narcotic controlled substance, in violation of Title 21, United States Code, Section

841(a)(1).

The Grand Jury further charges:

COUNT SEVEN
**[Distribution of a Controlled Substance - 21 U.S.C. § 841(a)(1)]**

On or about February 22, 2011, in the District of New Hampshire, the defendants,

**WENDY FORD**

did knowingly, intentionally and unlawfully distribute a quantity of Oxycodone,  a Schedule II

narcotic controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

The Grand Jury further charges:

<u>COUNT EIGHT</u>
**[Distribution of a Controlled Substance - 21 U.S.C. § 841(a)(1)]**

On or about February 24, 2011, in the District of New Hampshire, the defendant,

**WENDY FORD**

did knowingly, intentionally and unlawfully distribute a quantity of cocaine base "crack",  a

Schedule II narcotic controlled substance, in violation of Title 21, United States Code, Section

841(a)(1).

The Grand Jury further charges:

COUNT NINE
**[Distribution of a Controlled Substance - 21 U.S.C. § 841(a)(1)]**
**[Aiding and Abetting — 18 U.S.C. § 2]**

On or about March 16, 2011, in the District of New Hampshire, the defendants,

**CRAIG FAULKNER**
**WENDY FORD, and**
**CRAIG FORD**

did knowingly, intentionally and unlawfully distribute and aid and abet each other in the

distribution of a quantity of Oxycodone,  a Schedule II narcotic controlled substance, in violation

of Title 21, United States Code, Section 841(a)(1) and 18 United States Code, Section 2.

The Grand Jury further charges:

<u>COUNT TEN</u>
**[Distribution of a Controlled Substance - 21 U.S.C. § 841(a)(1)]**

On or about April 12, 2011, in the District of New Hampshire, the defendant,

**CRAIG FORD**

did knowingly, intentionally and unlawfully distribute a quantity of Oxycodone,  a Schedule II

narcotic controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

The Grand Jury further charges:

COUNT ELEVEN
**[Distribution of a Controlled Substance - 21 U.S.C. § 841(a)(1)]**

On or about October 25, 2011, in the District of New Hampshire, the defendant,

**CRAIG FORD**

did knowingly, intentionally and unlawfully distribute a quantity of cocaine base ("crack"),  a

Schedule II narcotic controlled substance, in violation of Title 21, United States Code, Section

841(a)(1).

The Grand Jury further charges:

<u>COUNT TWELVE</u>
**[Distribution of a Controlled Substance - 21 U.S.C. § 841(a)(1)]**

On or about November 9, 2011, in the District of New Hampshire, the defendant,

**WENDY FORD**

did knowingly, intentionally and unlawfully distribute a quantity of cocaine base "crack",  a

Schedule II narcotic controlled substance, in violation of Title 21, United States Code, Section

841(a)(1).

The Grand Jury further charges:

COUNT THIRTEEN
**[Distribution of a Controlled Substance - 21 U.S.C. § 841(a)(1)]**

On or about November 22, 2011, in the District of New Hampshire, the defendant,

**WENDY FORD**

did knowingly, intentionally and unlawfully distribute a quantity of cocaine base "crack",  a

Schedule II narcotic controlled substance, in violation of Title 21, United States Code, Section

841(a)(1).

The Grand Jury further charges:

COUNT FOURTEEN
**[Distribution of a Controlled Substance - 21 U.S.C. § 841(a)(1)]**

On or about December 2, 2011, in the District of New Hampshire, the defendant,

**WENDY FORD**

did knowingly, intentionally and unlawfully distribute a quantity of cocaine base "crack",  a

Schedule II narcotic controlled substance, in violation of Title 21, United States Code, Section

841(a)(1).

NOTICE OF CRIMINAL FIREARMS FORFEITURE
PURSUANT TO 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c)

The allegations of Counts Two and Three of this Indictment are hereby re-alleged as if

fully set forth herein and incorporated by reference for the purpose of alleging forfeitures

pursuant to 18 U.S.C. 924(d).  Upon conviction of one or more of the offenses alleged in CountS

Two and Three of this Indictment, defendant CRAIG FAULKNER shall forfeit to the United

States pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), all firearms and ammunition

involved in the commission of the offenses, including but not limited to the firearms listed above

in Counts Two and Three.

All in violation of Title 18 U.S.C. § 924(d); and 28 U.S.C. § 2461(c)**.**

14

A TRUE BILL


/s/ Foreperson
Grand Jury Foreperson


JOHN P. KACAVAS
United States Attorney

Dated: March 7, 2012

/s/ Jennifer C. Davis
Jennifer C. Davis
Assistant U.S. Attorney

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| <u>UNITED STATES OF AMERICA</u> | **AMENDED JUDGMENT IN A CRIMINAL CASE**<br>(For Offenses Committed On or After November 1, 1987) |
| v. | Case Number: 12-cr-33-01-PB |
| <u>Craig Faulkner</u> | **Paul Garrity, Esq.,**<br>**Joseph Provanzano, Esq.** |
| <u>**Date of Original Judgment: February 25, 2013**</u><br>(or Date of Last Amended Judgment) | Defendant's Attorney |

**Reason for Amendment:**

☐ Correction of Sentence on Remand (18 U.S.C. 3742(f)(1) and (2))

☐ Reduction of Sentence for Charged Circumstances (Fed. R. Crim. P. 35(b))

☐ Correction of Sentence by Sentencing Court (Fed. R. Crim. P. 35(a))

☒ Correction of Sentence for Clerical Mistake (Fed. R. Crim. P. 36)

☐ Modification of Supervision Conditions (18 U.S.C. § 3563(c) or 3583(e))

☐ Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons (18 U.S.C. § 3582(c)(1))

☐ Modification of Imposed Term of Imprisonment for Retroactive Amendment(s) to the Sentencing Guidelines (18 U.S.C. § 3582(c)(2))

☐ Direct Motion to District Court Pursuant to;
    ☐ 28 U.S.C. § 2255    or    ☐ 18 U.S.C. § 3559(c)(7)

☐ Modification of Restitution Order (18 U.S.C. § 3664)

## THE DEFENDANT:

☒    pleaded guilty to count(s): <u>1, 2, 3 and 9 of the Indictment.</u>

☐    pleaded nolo contendere to count(s) __ which was accepted by the court.

☐    was found guilty on count(s) __ after a plea of not guilty.

**ACCORDINGLY**, the court has adjudicated that the defendant is guilty of the following offense(s):

| <u>Title & Section</u> | <u>Nature of Offense</u> | <u>Date Offense Concluded</u> | <u>Count Number(s)</u> |
|---|---|---|---|
| See next page. | | | |

The defendant is sentenced as provided in pages 2 through 7 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐    The defendant has been found not guilty on count(s) __ and is discharged as to such count(s).

☐    Count(s) dismissed on motion of the United States: __.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

May 24, 2013
Date of Imposition of Judgment

Signature of Judicial Officer

Paul Barbadoro
United States District Judge
Name & Title of Judicial Officer

5-28-13
Date

Case: 1:12-cr-00033-PBD Document 89 Filed 05/28/13 Page 2 of 31

CASE NUMBER:
DEFENDANT:

| **Title & Section** | **Nature of Offense** | **Date Offense Concluded** | **Count Number(s)** |
|---|---|---|---|
| 26 USC 5861(d), 5841 and 5871 | Possession of an unregistered firearm | March 2, 2011 | 1 |
| 18 USC 922(g)(1) | Possession of a firearm by a convicted felon | August 31, 2011 | 2 |
| 18 USC 922(g)(1) | Possession of a firearm by a convicted felon | September 1, 2011 | 3 |
| 21 USC 841(a)(1) and 18 USC 2 | Distribution of Oxycodone and Aiding and abetting | March 16, 2011 | 9 |

CASE NUMBER:   12-cr-33-01-PB
DEFENDANT:     Craig Faulkner

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 46 Months.

on each count, to be served concurrently

☒   The court makes the following recommendations to the Bureau of Prisons:

that the defendant participate in the intensive drug education and treatment program, that he receive mental health treatment and that he be evaluated by BOP for placement and that the placement be as close to his family as possible

☒   The defendant is remanded to the custody of the United States Marshal.

☐   The defendant shall surrender to the United States Marshal for this district.
☐   on __ at __.
☐   as notified by the United States Marshal.

☐   The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
☐   on _ before __.
☐   as notified by the United States Marshal.
☐   as notified by the Probation or Pretrial Services Officer.

# RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.


_____
UNITED STATES MARSHAL


By: _____
        Deputy U.S. Marshall

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of <u>6 Years</u> .

3 years on counts 1, 2 and 3 and 6 years on count 9*, all such terms to run concurrently

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance.

*Pursuant to 42 U.S.C. § 14135a, the defendant shall submit to DNA collection while incarcerated in the Bureau of Prisons, or at the direction of the U.S. Probation Office.

*For offenses committed on or after September 13,1994:*

The defendant shall refrain from any unlawful use of a controlled substance.   The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed 72 drug tests per year of supervision.

☐   The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse.   (Check if applicable.)

☒   The defendant shall not possess a firearm, destructive device, *or* any other dangerous weapon.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below).   The defendant shall also comply with the additional conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

1)   The defendant shall not leave the judicial district without permission of the court or probation officer;
2)   The defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3)   The defendant shall answer truthfully all inquiries by the probation officer and follow instructions of the probation officer;
4)   The defendant shall support his or her dependents and meet other family responsibilities;
5)   The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;
6)   The defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7)   The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8)   The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9)   The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10)  The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11)  The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12)  The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13)  As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

CASE NUMBER: 12-cr-33-01-PB                    Judgment - Page 5 of 7
DEFENDANT:    Craig Faulkner

# SPECIAL CONDITIONS OF SUPERVISION

In addition, the defendant shall comply with the following special conditions:

**As directed by the probation officer, the defendant shall participate in a program approved by the United States Probation Office for treatment of narcotic addiction or drug or alcohol dependency which will include testing for the detection of substance use or abuse. The defendant shall also abstain from the use of alcoholic beverages and/or all other intoxicants during and after the course of treatment. The defendant shall pay for the cost of treatment to the extent he is able as determined by the probation officer.**

**The defendant shall participate in a program of mental health treatment, as directed by the probation officer, until such time as the defendant is released from the program by the probation officer. The defendant shall pay for the cost of treatment to the extent he is able as determined by the probation officer.**

**The defendant shall submit his person, residence, office, or vehicle to a search conducted by a U.S. Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion that contraband or evidence of a violation of a condition of release may exist; failure to submit to a search may be grounds for revocation; the defendant shall warn any other residents that the premises may be subject to searches pursuant to this condition.**

**Upon a finding of a violation of probation or supervised release, I understand that the court may: (1) revoke supervision; (2) extend the term of supervision; and/or (3) modify the conditions of supervision.**

**These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.**

(Signed)

_____        _____
Defendant                                Date

_____        _____
U.S. Probation Officer/ Designated Witness     Date

CASE NUMBER    12-cr-33-01-PB
DEFENDANT      Craig Faulkner

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 6

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| Totals | $400 00 | | |

☐ The determination of restitution is deferred until    An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination

☐ The defendant shall make restitution (including community restitution) to the following payees in the amount listed

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below    However, pursuant to 18   U S C   § 3664(i), all non-federal victims must be paid in full prior to the United States receiving payment

| Name of Payee | **Total Amount of Loss | Amount of Restitution Ordered | Priority Order or % of Pymnt |
|---|---|---|---|
| TOTALS | $    0.00 | $    0.00 | |

☐ If applicable, restitution amount ordered pursuant to plea agreement

☐ The defendant shall pay interest on any fine or restitution of more than $2500, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U S C  §3612(f)    All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U S C  §3612(g)

☐ The court determined that the defendant does not have the ability to pay interest, and it is ordered that

☐ The interest requirement is waived for the    ☐ fine    ☐ restitution

☐ The interest requirement for the    ☐ fine and/or    ☐ restitution is modified as follows

** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994 but before April 23, 1996

CASE NUMBER:   12-cr-33-01-PB                                                        Judgment - Page 7 of  7
DEFENDANT:     Craig Faulkner

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A   ☒   Lump sum payment of $400.00 due immediately, balance due

       ☐ not later than _, or
       ☐ in accordance with   ☐ **C**,   ☐ **D**, or ☐ **E**  below;  or

B   ☐   Payment to begin immediately (may be combined with   ☐ **C**,   ☐ **D**,  or ☐ **E**  below); or

C   ☐   Payment in   installments of $ over a period of   , to commence   days after release from imprisonment to a term of supervision; or

D   ☐   Commencing thirty days after release from imprisonment to the term of supervision, payments shall be made in equal monthly installments of $ during the period of supervised release, and thereafter.

E   ☐   Special instructions regarding the payment of criminal monetary penalties:


Criminal monetary payments are to be made to Clerk, U.S. District Court, 55 Pleasant Street, Room 110, Concord, NH 03301.   Payments shall be in cash or in a bank check or money order made payable to Clerk, U.S. District Court.   Personal checks are not accepted.

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment.   All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are to be made payable to the clerk of the court, unless otherwise directed by the court, the probation officer, or the United States attorney.

The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐      Joint and Several

| **Defendant Name** | **Case Number** | **Joint and Several Amount** |
|---|---|---|


☐   The defendant shall pay the cost of prosecution.


☐   The defendant shall pay the following court cost(s):


☒   The defendant shall forfeit the defendant's interest in the following property to the United States:   Walther, Model Sport Mark II, .22 caliber pistol (serial #58435C); Llama, .380 caliber pistol (serial #A52800); W.M. Enders, Model Oak Leak, 16 gauge shotgun (serial #106BT).   All ammunition involved with the offenses